**REESE RICHMAN LLP**
Michael R. Reese
mreese@reeserichman.com
Kim E. Richman
krichman@reeserichman.com
Belinda Williams
bwilliams@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALYCE SERRANO and ANDREA LONDONO, on behalf of themselves and all others similarly situated, | Case No. 09 CV 1056 (DLI) |
| Plaintiffs, | **PLAINTIFFS' STATEMENT OF DISPUTED FACTS** |
| vs. | |
| CABLEVISION SYSTEMS CORP. and CSC HOLDINGS, INC. | |
| Defendants. | |

In opposition to the Motion by Defendants Cablevision Systems Corp. and CSC Holdings, Inc., pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Plaintiffs Alyce Serrano and Andrea Londono respectfully submit this Statement of Disputed Facts ("SDF"), pursuant to Local Rule 56.1, responding to Defendants' Statement of Undisputed Facts and setting forth additional material facts as to which there exists a genuine issue to be tried[1]:

---

[1] All paragraphs referred to are the numbered paragraphs contained in Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1 In Support of Defendants' Motion for

1. Plaintiffs admit the statements made in paragraph 1.

2. Plaintiffs admit the statements made in paragraph 2.

3. Plaintiffs admit the statements made in paragraph 3.

4. Plaintiffs admit the statements made in paragraph 4.

5. Plaintiffs admit the statements made in paragraph 5.

6. Plaintiffs admit the statements made in paragraph 6.

7. Plaintiffs admit the statements made in paragraph 7.

8. Plaintiffs admit the statements made in paragraph 8.

9. Plaintiffs admit the statements made in paragraph 9.

10. Plaintiffs admit the statements made in paragraph 10.

11. Plaintiffs dispute the statements made in Paragraph 11 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

12. Plaintiffs dispute the statements made in paragraph 12 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

13. Plaintiffs dispute the statements made in paragraph 13 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

---

Summary Judgment. In each instance where Plaintiffs do not specifically dispute an assertion of fact, such concession is for the purpose of Defendants' instant Motion only. Plaintiffs reserve the right to challenge at trial any assertion of fact made by Defendants.

14. Plaintiffs dispute the statements made in paragraph 14 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

15. Plaintiffs dispute the statements made in paragraph 15 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

16. Plaintiffs dispute the statements made in paragraph 16 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

17. Plaintiffs dispute the statements made in paragraph 17 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

18. Plaintiffs dispute the statements made in paragraph 18 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

19. Plaintiffs dispute the statements made in paragraph 19 because Defendant has failed to cite admissible evidence in support of these statements, as requested by Local Civil Rule 56.1(d), and as demonstrated in Plaintiffs' Motion to Strike served on December 17, 2010.

20. The language of Cablevision's Terms of Service and Acceptable Use Policy was vague and ambiguous and did not disclose to Plaintiffs and other consumers that Defendant would throttle their Optimum Online Internet service. (Affidavit of Alyce Serrano, sworn to December 14, 2010 ("Serrano Affidavit"), ¶¶ 3 and 6; Affidavit of Andrea Londono, sworn to December 17, 2010 ("Londono Affidavit"), ¶ 3.)

21. The language of Cablevision's Terms of Service and Acceptable Use Policy did not disclose to Plaintiffs and other consumers that they were authorizing Cablevision to provide Internet service that was slower and inferior to that promised in Cablevision's advertising and marketing of its Optimum Online Internet service. (Serrano Aff., ¶¶ 3 and 6; London Aff. ¶ 3.)

22. By signing the work orders Plaintiffs Serrano and Londono did not authorize Cablevision to provide Internet service slower and less constant than that promised in Cablevision's advertising and marketing of its Optimum Online Internet service. (Serrano Aff., ¶4; London Aff. ¶ 3.)

23. By clicking on the "Agree" link during the self-installation process, Plaintiff Serrano did not authorize Cablevision to provide Internet service slower and less constant than that promised in Cablevision's advertising and marketing of its Optimum Online Internet service. (Serrano Aff., ¶ 3.)

Dated: December 17, 2010　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**REESE RICHMAN LLP**

　　　　　　　　　　　　　　　　　By:　　*/s/ Michael R. Reese*
　　　　　　　　　　　　　　　　　　　　Michael R. Reese
　　　　　　　　　　　　　　　　　　　　Kim E. Richman
　　　　　　　　　　　　　　　　　　　　Belinda L. Williams
　　　　　　　　　　　　　　　　　　　　875 Avenue of the Americas. 18th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10001
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 643-0500
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 572-4272

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs and the Proposed Class*