Jonathan F. Putnam (JP 3883)
John P. Del Monaco (JD 8141)

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALYCE SERRANO and ANDREA LONDONO, on behalf of themselves and all others similarly situated,<br><br>                              Plaintiffs,<br><br>           - against -<br><br>CABLEVISION SYSTEMS CORP. and CSC HOLDINGS, INC.,<br><br>                              Defendants. | Case No.:       09 CV 1056 (DLI)<br><br>ECF Case<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**<br><br>*Date of Service*: January 28, 2011 |

Plaintiffs' motion to strike portions of the affidavits of Cablevision employees Rocky Boler and Steven Hoffman is a feeble and tactical attempt to exclude the relevant and dispositive evidence that underpins Cablevision's pending motion for summary judgment.  Contrary to the basis of Plaintiffs' motion, each affiant had direct personal knowledge of the facts and documents in question — based both on direct personal knowledge of the facts and documents in question and based on a review of Cablevision's corporate books and records.  The two affidavits and the documents attached thereto — which are all routine Cablevision business records — are therefore admissible in their entirety as a matter of law.  For these reasons, and as further explained below, Plaintiffs' motion to strike should be denied.

## BACKGROUND

On September 7, 2010, Cablevision served a motion for summary judgment and/or for partial judgment on the pleadings. (*See* Defendants' Memorandum Of Law In Support Of Their Motion For Summary Judgment And/or For Partial Judgment On The Pleadings.)  That motion seeks summary judgment on the basis that Cablevision's Terms of Service and Acceptable Use

1

Policy disclosed and authorized the alleged conduct upon which every one of the Plaintiffs' claims is founded. (*See id.*)  In connection with its summary judgment motion, Cablevision submitted affidavits from two long-time Cablevision employees, Mr. Boler and Mr. Hoffman, which place before the Court some of the Cablevision business records that underpin Cablevision's motion.

Specifically, Mr. Boler, Cablevision's Senior Vice President of Customer Service, avers in his affidavit to the dates that Plaintiffs subscribed to Cablevision's Internet service and the dates that they executed Cablevision work orders.  (*See* August 30, 2010 Affidavit of Rocky Boler ("R. Boler Aff.").)  Mr. Boler's affidavit also attaches the relevant work orders signed by the Plaintiffs, which incorporate Cablevision's Terms of Service and Acceptable Use Policy.  (*Id.* at Exs. A-C.)  The affidavit sworn to by Mr. Hoffman, Cablevision's Vice President of Internet Design & Development, places before the Court the relevant versions of Cablevision's Terms of Service and Acceptable Use Policy posted on Cablevision's optimumonline.net and optimumonline.com websites.  (*See* September 7, 2010 Affidavit of Steve Hoffman ("Hoffman Aff.").)  In addition, Mr. Hoffman attests that customers who self-install Optimum Online software are directed to both the Acceptable Use Policy and Terms of Service in the installation process.  (*Id.* ¶ 14.)

Plaintiffs opposed Cablevision's motion for summary judgment on December 18, 2010. In combination with their opposition to that motion, Plaintiffs filed a motion to strike portions of the affidavits of Mr. Boler and Mr. Hoffman and their accompanying exhibits, notwithstanding that the Plaintiffs themselves do not challenge the veracity of the facts set forth therein and actually admit to signing many of the documents they seek to exclude as supposedly unreliable.[1]

---

[1] Underscoring that Plaintiffs' motion is grounded in litigation tactics rather than sound legal authority, Plaintiffs actually admit in their Statement of Disputed Facts ("SDF") many of the facts that are based on the evidence they now seek to strike in this motion.  For example, in their SDF, Plaintiffs admit that "on August 30, 2006, Plaintiff Alyce Serrano subscribed to Cablevision's Optimum Online Internet Service and she self-installed software onto her computer to access Cablevision's network." (Plaintiffs' SDF ¶¶ 1, 2.)  Yet by their motion to strike, they seek to exclude the evidentiary support that Cablevision submitted to establish that fact.  (*See* Boler Aff. ¶¶ 2, 7.)  The foregoing is but one example of the many instances where Plaintiffs admit facts that are supported by the evidence at issue in this motion.  (*See* SDF ¶¶ 3-10.)

2

The supposed basis of Plaintiffs' motion is that the two affiants lack the personal knowledge necessary for their testimony. As explained below, Plaintiffs' motion fails in all respects.

## ARGUMENT

Under Federal Rule of Civil Procedure 56, affidavits in support of a summary judgment motion must be made on personal knowledge, setting forth facts which would be admissible at trial by an affiant who is competent to testify to the matters within the affidavit. Fed. R. Civ. P. 56(e). Personal knowledge may be based on "[a]n affiant's conclusions based on personal observations over time." *Searles v. First Fortis Life Ins. Co*. 98 F. Supp. 2d 456, 461 (S.D.N.Y. 2000). *See also Catawba Indian Tribe v. South Carolina*, 978 F. 2d 1334, 1342 (4th Cir. 1992) (corporate representative presumed to have knowledge of their corporations); *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1255 n.12 (5th Cir. 1992) (affiant's position within the company established personal knowledge). In addition, a corporate representative's personal knowledge can be based on a review of corporate books and records. *Harrison-Hoge Indus., Inc. v. Panther Martin S.R.L.*, No. 05-2851 (JFB)(ETB), 2008 WL 905892, at *27-28 (E.D.N.Y. March 31, 2008) ("It is axiomatic that a corporate representative may testify and submit affidavits based on knowledge gained from a review of corporate books and records."). *See also Zakre v. Norddeutsche Landesbank Girozentrale*, 396 F. Supp. 2d 483, 504 (S.D.N.Y. 2005) ("An affiant may also testify as to the contents of records that she reviewed in her official capacity."); *Searles*, 98 F. Supp. at 461 (same).

As set forth below, both Mr. Boler and Mr. Hoffman possess the requisite personal knowledge to attest to the facts set forth in, and verify the documents attached to, their affidavits. Their personal knowledge stems from both their extensive professional experience at Cablevision, as well as their review of Cablevision's books and corporate records. Accordingly, Plaintiffs' effort to exclude the affidavits of Mr. Boler and Mr. Hoffman based on their purported lack of personal knowledge should be rejected out of hand.

### A. Mr. Boler Possessed The Requisite Personal Knowledge For His Affidavit.

Contrary to Plaintiffs' contention, Mr. Boler possessed the requisite personal knowledge for his affidavit. As detailed below, Mr. Boler's knowledge was based on his work experience at Cablevision and his review of Cablevision's books and records. These facts plainly establish the admissibility of the challenged evidence. *See Kelly v. City of New York*, No. 01 Civ. 8906 (TPG), 2005 WL 2140806, at *15 (S.D.N.Y. September 6, 2005) (an affidavit that "explicitly states that the entire … Declaration is based on [Declarant's] personal knowledge and the books and records of the [defendant]" is creditable under Rule 56(e)).

To begin with, Plaintiffs' motion overlooks the fact that Mr. Boler possesses relevant personal knowledge based on his own work experience. Mr. Boler is a Senior Vice President of Customer Service for Cablevision. (Boler Aff. ¶ 1.) Mr. Boler has worked for Cablevision since 2002, and he has held his current position for 4 years. (*See* Exhibit A to Declaration of J. Del Monaco ("Del Monaco Decl."), R. Boler Dep. Tr., at 7:16-17, 8:2-5). Mr. Boler's responsibilities as Senior Vice President include managing and overseeing the operation of Cablevision's customer service call centers (*id.* at 8:7-9), including calls related to service repair and billing issues (*id.* at 8:17-19). As a Senior Vice President, Mr. Boler has personal experience with current and potential Cablevision customers. (*Id.* at 25:10-15.) Throughout his tenure at Cablevision, he has become familiar with work orders used for installation of services. (*Id.* at 24:2-13.) Furthermore, Mr. Boler testified that he is familiar with the process of submitting work orders and with the process of signing customers up for service with Cablevision. (*Id.* at 21:25-22:18.) Based on this extensive background, there is no legitimate basis to question whether Mr. Boler possessed the requisite knowledge to testify to the dates of the Plaintiffs' subscription to Cablevision's service and to the authenticity of the work orders they signed.

Furthermore, even if he did not possess this extensive background, Mr. Boler has repeatedly affirmed that his affidavit is also based on his review of Cablevision's business records. (Boler Aff. ¶¶ 1 and 2 (Boler "reviewed Cablevision's business records" in order to confirm date Serrano first subscribed to Cablevision's service); Del Monaco Decl. Ex. A, R.

4

Boler Dep. Tr., at 21:3-6, 21:25-22:8-15, 24:2-7 (repeatedly affirming that Mr. Boler's statements are based on his "personal knowledge" and "review of Cablevision's business records").) This alone is a proper basis to form the personal knowledge required under the Federal Rules. Indeed, courts have routinely found that affidavits based on review of corporate records are properly considered in conjunction with a motion pursuant to Federal Rule of Civil Procedure 56. *Harrison-Hoge Industries, Inc.*, 2008 WL 905892, at *28 (denying motion to strike because, where a "declaration is based upon [the declarant's] review of defendants' books and records, or other documents," "it can be considered under Rule 56(e)"); *Searles*, 98 F. Supp. 2d at 461 (review of "various administrative materials and files" constituted "direct personal knowledge of the facts and circumstances set forth therein").

Plaintiffs' arguments to the contrary have no merit. Plaintiffs contend that Mr. Boler based his statements in Paragraphs 2-7 of his affidavit "solely" on conversations with another Cablevision employee. (Mot. at 4 and 6.) This is incorrect. Plaintiffs are attempting to characterize Mr. Boler's extra due diligence — *i.e.*, that *in addition to his review of the relevant business records* he also verified the attached work orders with an employee in his department (Del Monaco Decl. Ex. A, R. Boler Dep. Tr., at 139:22-140:5) — as a lack of personal knowledge.[2] Likewise, Plaintiffs' additional challenge to Paragraph 7 of Mr. Boler's affidavit — which recounts the relevant steps in the self-installation process and attaches screenshots of the process — is without merit. Mr. Boler testified at his deposition that he reviewed the documents relevant to the self-install Terms of Service agreement as the basis for his testimony. (*Id.* at 147:16-21.) As demonstrated above, this is sufficient to establish personal knowledge. The fact that Mr. Boler has an *additional basis* for his personal knowledge — in this instance, that he personally went through the self-installation process himself when he initiated his home

---

[2] Further, Mr. Boler, properly directed a member of his group to double-check that the documents attached to his affidavit were correct. (Del Monaco Decl. Ex. A, R. Boler Dep. Tr., at 199:22-140:5.) *Chagnon v. Bell*, 468 F. Supp. 927, 930 (D.C.D.C. 1979) (affiant had personal knowledge of records search where that search was performed by an employee at his direction).

5

Cablevision Internet Service (*id.* at 148:24-149:3) — only further bolsters his testimony. *See Searles*, 98 F. Supp. 2d at 461 ("An affiant's conclusions based on personal observations over time, however, may constitute personal knowledge.").

In sum, the Court should deny Plaintiffs' motion to strike portions of Mr. Boler's affidavit and accompanying exhibits because he plainly possessed the requisite personal knowledge to attest to them.

### B. Mr. Hoffman Possessed The Requisite Personal Knowledge For His Affidavit.

Mr. Hoffman likewise possessed the requisite personal knowledge because his affidavit is based on his experience at Cablevision and his review of Cablevision's business records. (Hoffman Aff. ¶ 1.) His testimony is therefore admissible for the same reasons as discussed above.

Mr. Hoffman, a Cablevision Vice President, has been with Cablevision since 2005. He is the head of the group that manages the design, development, and upkeep of Cablevision's Internet sites. (Exhibit B to Del Monaco Decl., S. Hoffman Dep. Tr., at 5:4-9.) In this capacity, Mr. Hoffman has "several people reporting" to him in graphic design, user experience, development and project management. (*Id.* at 11:3-10.) Notably, Mr. Hoffman is responsible for Cablevision's optimumonline.net website, which is one of the two Cablevision websites where the Terms of Service and Acceptable Use Policy are posted. (*Id*. at 40:9-12.) In that role, Mr. Hoffman ensures that content, including the Cablevision Terms of Service and Acceptable Use Policy, "gets presented correctly on-line." (*Id*. at 5:22-6:6.) That is, Mr. Hoffman has the specific responsibility for posting the Terms of Service and Acceptable Use Policy to the Cablevision site in their final form. (*Id*. at 11:11-17.) As such, Mr. Hoffman is clearly competent to testify about documents for which he has long had final responsibility for posting on Cablevision's website. *Searles*, 98 F. Supp. 2d at 461.

In addition to his knowledge of these documents from his day-to-day work at Cablevision, Mr. Hoffman has also averred that he reviewed Cablevision's books and records to

6

confirm the accuracy of the documents. (Hoffman Aff. ¶ 1.) As discussed above, this is an independent basis to establish the admissibility of his testimony and accompanying documents.

Again, Plaintiffs' arguments to the contrary are baseless. First, Plaintiffs contend that Mr. Hoffman lacks personal knowledge because his "only" responsibility with respect to the Terms of Service and Acceptable Use Policy is that he posts them on Cablevision's website and because the legal department was responsible for the content of the Terms of Service and Acceptable Use policy. (Opp. at 6.) But that argument cannot be squared with the law. *See Phoenix Associates III v. Stone*, 60 F.3d 95, 101 (2d. Cir. 1995) (quoting 4 Weinstein's Evidence, at 803-201-04) ("The custodian or other qualified witness 'need not have personal knowledge of the actual creation of the document.'"); *Merrill Lynch Bus. Fin. Servs. Inc. v. Heritage Packaging Corp.*, No. CV-06-3951 (DGT), 2007 WL 2815741, at *5 (E.D.N.Y. Sept. 25, 2007) (the fact that the declarant "did not personally prepare the [document] does not render the document inadmissible"). Next, Plaintiffs contend that Mr. Hoffman lacks personal knowledge because his subordinates completed certain tasks related to the posting of documents to Cablevision's websites. (Opp. at 6.) But Mr. Hoffman made clear that "the responsibility [for posting the documents] is ultimately mine. It gets posted at my direction." (Del Monaco Decl. Ex. B, S. Hoffman Dep. Tr., at 13:19-20.) Accordingly, Mr. Hoffman has personal knowledge of these documents. *Otterbein College v. Continental Ins. Co.*, No. 2:08-cv-1048, 2010 WL 2196450, at *1 (S.D. Ohio June 1, 2010) (Vice President in the Office for Business Affairs had personal knowledge of what people acting at his direction told him); *Catawba Indian Tribe*, 978 F.2d at 1342. Finally, Plaintiffs argue that Mr. Hoffman lacks personal knowledge because Mr. Hoffman does not have access to a system housing various revisions to the Terms of Service and Acceptable Use Policy. (Opp. at 6.) This argument misses the point entirely. There is no question that Mr. Hoffman is familiar with the documents from his work at Cablevision and that he complemented his knowledge by reviewing Cablevision's corporate books and records during

the preparation of his affidavit.  *Harrison-Hoge Industries*, 2008 WL 905892, at *27-28 (it is "axiomatic" that review of business records establishes personal knowledge).[3]

For the foregoing reasons, the Court should deny Plaintiffs' motion to strike portions of Mr. Hoffman's affidavit and accompanying exhibits because he plainly possessed the requisite personal knowledge to attest to them.

## **CONCLUSION**

Plaintiffs' motion to strike should be denied in its entirety.

---

[3] While one version of the Terms of Service and one version of the Acceptable Use Policy attached to Mr. Hoffman's affidavit pre-dates his tenure, that fact does not affect their admissibility.  *General Elec. Credit Corp. v. Office Outfitters, Inc*. 449 F. Supp. 72, 73 -74 (E.D. Pa. 1978) (affidavit of company treasurer was sufficient to validate documents attached as exhibits even those that predate treasurer's tenure at the company).

8

Dated: January 28, 2011

Respectfully submitted,

 s/ Jonathan F. Putnam
 Jonathan F. Putnam (JP 3883)
John P. Del Monaco (JD 8141)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Attorneys for Defendants
Cablevision Systems Corp. and CSC Holdings, LLC